## CLASSIFICATION OF EMPLOYEES UNDER THE CIVIL SERVICE.

Court of Appeals for Hamilton County.

STATE, EX REL EDWARD MUGAVIN AND WILLIAM S. BOYD, V. EDWARD S. KEEFER ET AL, CIVIL SERVICE COMMISSIONERS FOR THE CITY OF CINCINNATI.[*]

Decided, October 24, 1914.

*Civil Service—Determination as to Whether a Valve-man is a Skilled or Unskilled Laborer—Status Where Unskilled Laborers Hold Over More Than Twelve Months Without Examination.*

A valve-man employed in the municipal service under the former civil service law was in the unskilled class, and his appointment by the director of public service was legal and he became an "incumbent of the place" under the present act, and is entitled to remain in the position and to receive pay for his services, subject to his successfully passing a non-competitive examination when called upon to do so by the commission.

*Nelson & Hickenlooper,* for plaintiffs in error.

*Walter M. Schoenle,* City Solicitor, and *Chas. A. Groom,* Assistant City Solicitor, contra.

JONES, E. H., J.; JONES, O. B., J., concurs; SWING, P. J., not sitting.

This is an action which involves the construction of the so-called civil service act passed by the Eightieth General Assembly of the state of Ohio and found in Volume 103 of the Ohio Laws at page 698. The action is one for mandamus, the prayer being, in effect, that the defendant civil service commission for the city of Cincinnati be required by the court to certify to the payroll containing the names of relators, under Section 21 of said act.

The facts with regard to the two relators are not identical. It is conceded that the recent decision of this court in the case

[*]Reversing *State, ex rel Mugavin,* v. *Keefer et al,* 12 O. L. R., 204.

of *Keefer et al, Civil Service Commissioners,* v. *State of Ohio, ex rel Fitzgerald, ante,* disposes of the questions raised on behalf of the relator, William S. Boyd. We find, from an examination of the record, that such is the case, and a peremptory writ will issue in favor of Mr. Boyd on the authority of the case above referred to.

Edward Mugavin was appointed, or employed, by the director of public service as a valve-man, under a former civil service law which was repealed by the enactment of the present law. Under the former law "unskilled laborers" were not in the classified service. The rules adopted by the civil service commission under that law classed valve-men as unskilled laborers and not falling within the provisions of the civil service act. It is contended that this classification is incorrect and that the duties of valve-men are such as to require skill and experience, and that valve-men should be classified and are not within the purview of the word "unskilled." It is further contended that if this view is correct, then the director of public service had no authority to appoint Mugavin to the position or place which he fills.

With this contention we can not agree. There is no dispute between counsel as to the duties of valve-men and as to the nature of the work which they are required to perform. Upon the agreed statement, in argument, or what these duties are, we are clearly of the opinion that the labor is such as is designated as "unskilled" by the civil service act in force at the time of Mugavin's appointment, said work requiring no special training, practical experience, or apprenticeship. Having reached this conclusion, it follows that his selection or appointment by the director of public service was legal, and that at the time of the taking effect of the act under consideration he was an "incumbent of the place" under the meaning of Section 10 of said act.

It is further contended that even if such be the case he is not now entitled to hold the position or to any compensation for labor performed in such position since the 8th day of August of this year, for the reason that on said date the twelve months

period within which he would be subject to a non-competitive examination had passed, and no examination has been taken by him. In this connection it is conceded that no such examination has been held by the civil service commission. It does not appear why this apparently liberal time has been allowed to pass without an examination but there is no intimation, nor indeed can there be any, that Mugavin or any other employee of the city is responsible for this delay.

We believe that the reasonable construction of the last paragraph of Section 10, which contains this limitation of twelve months, is to hold that should the commission for any reason delay the non-competitive examination beyond the time prescribed, it must be held at the earliest time practicable, and that until such time the employees holding over as incumbents of "offices or places" at the time of the taking effect of the act, would continue to hold their places. If the examination is unreasonably or unnecessarily delayed by the commission, the proper remedy would be to proceed against the members in the way provided by statute for compelling officers to perform the duties imposed upon them by law.

Under the undisputed facts in this case as disclosed by the record, we find that the law supports the claim made by counsel for Mugavin, and that he is entitled to remain in his position and receive pay for services rendered, subject to his successfully passing a non-competitive examination when called upon to do so by the commission.

The judgment will be reversed, and judgment given here for both of the relators, plaintiffs in error. Writ of mandamus to issue.